# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-212 |
| | ) | |
| DISTRICT ATTORNEY MEG | ) | |
| HEAP, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

# **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Kelvin Fields objects to the undersigned's Report and Recommendation (R&R) recommending that his case be dismissed without prejudice. Doc. 8. He challenges the Court's interpretation that his original Complaint failed to allege that his pending state-court criminal case had terminated in his favor, fatally undermining a § 1983 malicious prosecution claim. Doc. 8 (objecting to R&R because criminal case "was resolved in [his] favor"). Since his objection asserts an additional allegation affecting the Court's analysis, the Court **VACATES** its original R&R (doc. 6) to the extent that it relied on Fields' failure to allege favorable termination of his state-court prosecution.

First, Fields' objection emphasizes his request that this Court

intervene in his on-going state prosecution. *See* doc. 8 at 2, 3 (referring to "accusation # AR16090362" as "pending" and alleging that it "violate[]s plaintiff['s] Constitutional right to protection from being held/imprisoned without presentment or indictment by a grand jury," and seeking to challenge "the unlawfulness of his detainment."). As the previous R&R explained, important principles of comity (the respect that the federal courts owe to state courts[1]) require this Court to abstain from interfering in ongoing state criminal prosecutions. Doc. 6 at 3. Although courts have recognized some exceptions to that abstention principle, they are rarely applicable. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *et al*. 17B FED. PRAC. & PROC. § 4255 (3d ed. 2017) ("Although later Supreme Court decisions have not shed a great deal of additional light on the exceptions to Younger, what the Court has done confirms that the Court is right when it describes them as 'these narrow exceptions.'" (cite omitted)). Nothing in any of Fields' filings even suggests a sufficient ground for this Court to interfere in his pending prosecution.

---

[1] As the Supreme Court has explained, "comity" refers to "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44 (1971).

Although his request for intercession is dead on arrival, his allegation that *some* proceeding has terminated in his favor[2] might revive his malicious prosecution claim. If his additional allegations affect the viability of such a claim, however, it could only be leveled against defendant Heap.[3] And as the Court explained in a footnote to its R&R,

---

[2] The Court is not convinced that Fields has accurately explained the status of the proceedings against him. He contends that a docket entry dated December 22, 2016, reflecting a "memorandum" and noting "Dismissal of NWR/SP," constitutes favorable termination. Doc. 9 at 2. However, the Chatham County Superior Court's website continues to reflect that Case No. CR162514 is "Open;" indeed, a Scheduling Conference occurred as recently as October 5, 2017. *See* Att. A at 1 (listing "Case Status" as "Open"), 5 (reflecting Scheduling Conference on October 5, 2017). Those entries are inconsistent with termination in his favor. Nevertheless, at the screening stage, the Court must assume the truth of his factual allegations. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (in screening pursuant to 28 U.S.C. § 1915A(a), "[t]he complaint's factual allegations must be accepted as true."). Further, even if some charges remain pending against Fields, a determination in his favor on others might satisfy the favorable termination requirement. *See Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1998) (dismissal of some charges, notwithstanding conviction on others, constituted favorable termination for purposes of § 1983 malicious prosecution claim).

[3] In addition to favorable termination, a § 1983 malicious prosecution plaintiff must allege, and ultimately prove, both a violation of his Fourth Amendment right to be free from unreasonable seizure and the common-law elements of a malicious prosecution tort. *Wood v. Kessler*, 323 F.3d 872, 881-82 (11th Cir. 2003). The common-law elements are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id*. at 882 (citing *Uboh* 141 F.3d at 1004).

Fields' objection to the R&R, and related filings, expressly allege favorable termination. *See supra* n. 2; *see also* doc. 7 at 2; doc. 8 at 1; doc. 9 at 2. The Court might generously infer, from his allegations as a whole, an allegation that Heap continues his prosecution despite the lack of probable cause. He also alleges that Heap "falsely claims that [he] sign[ed] in writing refusing to be indicted by [a] grand

3

she is entitled to absolute prosecutorial immunity against any such claim. *See* doc. 6 at 3 n. 2. A prosecutor's absolute immunity extends to all "allegations stemming from the prosecutor's function as advocate," *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009); even as far as "'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . .'" *Id.* (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)). Since Fields' allegations make it clear that Heap acted (and is acting) exclusively as a government advocate, she has absolute immunity against his claims and they should be **DISMISSED**. *See Smith v. Shorstein*, 217 F. App'x 877, 880 (11th Cir. 2007) (affirming *sua sponte* dismissal of complaint, at screening, based on absolute

---

jury." Doc. 1 at 6. That allegation of deliberate misrepresentation might imply malice. *See Stefani v. City of Grovetown*, 2016 WL 4611575 at * 6 (S.D. Ga. Sept. 2, 2016) (noting malice element of § 1983 malicious prosecution can "be inferred if: (1) defendant's acts were wanton; (2) were done with a reckless disregard for or conscious indifference to the rights of the plaintiff; or (3) from the want of probable cause." (citing *Fleming v. U-Haul Co. of Ga.*, 541 S.E.2d 75, 78-79 (2000))). Finally, Fields alleges that he has suffered damage from his ongoing prosecution. *See* doc. 1 at 7 (seeking damages for "loss of wages & pain/suffering").

4

prosecutorial immunity).

The claims against the remaining defendants are also subject to dismissal. Claims against defendants Hilliard and Cail, his defense attorneys, are not cognizable under § 1983. *See Polk v. Dodson*, 454 U.S. 312, 317-19 (1981) (defense attorney does not act under "color of state law" within the meaning of § 1983, even when appointed by the state). Fields' only allegation mentioning Sheriff Wilcher is that he "brought [a] grievance to the attention of . . . Chatham County Sheriff Mr. John T. Wilcher" concerning his grand-jury waiver dispute. *See* doc. 1 at 5. That's not enough to state any claim against him, notwithstanding his recent favorable-termination allegations. *See Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (where the inmate had no constitutionally protected interest in grievance procedure, officials' failure to take corrective action could not support a § 1983 claim). Accordingly, the claims against defendants Hilliard, Cail, and Wilcher should be **DISMISSED**.

Fields remains responsible for his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0.00, he does not owe any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an

initial fee assessment "when funds exist"). Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of the R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  14th  day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

**EXHIBIT A**

## Case Information

CR162514 | State of Georgia vs. KEVIN JEROME FIELDS

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| **CR162514** | **J3** | **Karpf, Michael L.** |
| File Date | Case Type | Case Status |
| **12/27/2016** | **Other Felony Division** | **Open** |

## Party

Plaintiff
**State of Georgia**

Race
**Other**

Active Attorneys ▼
**Lead Attorney
Dixon, Margaret
Sumrall**

Defendant
**Fields, Kevin Jerome**

DOB
**XX/XX/1971**

Gender
**Male**

Race
**Black**

Active Attorneys ▼
**Attorney
Cail, Jr., Kenneth H
Retained**

Work Phone
**912-232-4316**

Fax Phone
**912-232-1254**

**Lead Attorney
Hilliard, Martin
Retained**

Work Phone
**912-358-0083**

Fax Phone
**912-231-0983**

## Charge

Charges
Fields, Kevin Jerome

|   | Description | Statute | Level | Date |
|---|---|---|---|---|
| 1 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |
| 2 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |
| 3 | Sale Of Controlled Substance | 16-13-30 (B)SELL | Felony | 09/10/2016 |

## Events and Hearings

12/22/2016 Memorandum ▼

   Comment
   Notes: DISMISSAL OF NWR/SP

12/27/2016 Accusation Filed - Entered ▼

   Comment
   Notes: MOTION FOR BOND & NOTICE OF APPEARANCE
   FILED BY D OBRIEN

12/29/2016 Screening ▼

   Comment
   Notes: Initial Case Screening / Scanning

01/03/2017 Memorandum ▼

   Comment

01/26/2017 Order - Bond Order ▼

   Comment
   **Notes: GRANTED/**

02/28/2017 Calendar Call ▼

Original Type
**Calendar Call**

Judicial Officer
**Karpf, Michael L.**

Hearing Time
**01:30 PM**

Result
**Reschedule Event**

Comment

02/28/2017 Motion - Omnibus Discovery And Inspection ▼

   Comment

02/28/2017 Calendar Call ▼

   Comment

02/28/2017 Calendar Call ▼

   Comment
   **Notices Printed FIELDS, KEVIN JEROME D**

02/28/2017 Calendar Call ▼

   Comment
   **Notices Printed OBRIEN JR, DENNIS A A**

03/02/2017 Letter - Pro Se Letter Received And Clerks Response ▼

   Comment

04/11/2017 Pretrial Hearing ▼

Original Type
**Pretrial Hearing**

Judicial Officer
**Karpf, Michael L.**

Hearing Time
**02:30 PM**

Result
**Reschedule Event**

Comment

04/11/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment

04/11/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment
**Notices Printed FIELDS, KEVIN JEROME D**

04/11/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment
**Notices Printed OBRIEN JR, DENNIS A A**

04/12/2017 Pretrial Hearing ▼

Judicial Officer
**Karpf, Michael L.**

Hearing Time
**02:30 PM**

Comment
**Details: |Rescheduled from 4/11/2017 at 1430 DK17030202**

04/12/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment
**Notices Printed OBRIEN JR, DENNIS A A**

04/12/2017 Hearing - Arraignment Pretrial Hearing ▼

Comment
**Court: SUP Notes: |Rescheduled from 4/11/2017 at 1430 DK17030202**

04/13/2017 Plea - Of Not Guilty ▼

Comment

05/02/2017 Letter - Pro Se Received ▼

Comment

05/16/2017 Letter - Pro Se Received ▼

Comment

05/19/2017 Letter - Pro Se Received

Comment

05/31/2017 Letter - Pro Se Received

Comment

08/21/2017 Letter - Pro Se Received

08/24/2017 Letter - Pro Se Received

08/24/2017 Letter - Pro Se Received

09/19/2017 Letter - Pro Se Received

09/19/2017 Letter - Pro Se Received

09/20/2017 Letter - Pro Se Received

09/21/2017 Indigent Defense Voucher

09/21/2017 Indigent Defense Voucher

09/22/2017 Motion - Pro Se Motion

09/22/2017 Entry of Appearance

Comment
M Hilliard

09/22/2017 Defendant's Election To Proceed Under OCGA 17-16-1

10/05/2017 Scheduling Conference

Judicial Officer
Karpf, Michael L.

Hearing Time
1:30 PM

10/05/2017 Scheduling Conference

Comment

10/05/2017 Scheduling Conference

Comment
Notices Printed CAIL, Jr., KENNETH H A

10/05/2017 Scheduling Conference

Comment
Notices Printed OBRIEN JR, DENNIS A A

11/01/2017 Letter - Pro Se Received

11/03/2017 State's Discovery Disclosure

11/20/2017 Motion - Pro Se Motion